UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON | : | |
| | : | PRISONER |
| v. | : | Case No. 3:04CV473(CFD) |
| | : | |
| M. PRICE, et al. | : | |

**RULING AND ORDER**

On January 12, 2005, the court granted the motion for more definite statement filed by defendants Centric Group L.L.C. ("Centric") and Access Catalog Company ("Access") and ordered plaintiff James Hanton ("Hanton") to file an amended complaint within twenty days, i.e., by February 1, 2005. On May 19, 2005, the court afforded Hanton another opportunity to file his amended complaint, but cautioned him that if he failed to file an amended complaint by June 10, 2005, all claims against Centric and Access would be dismissed. To date, Hanton has not complied with this order.

Centric and Access have filed a motion for judgment of dismissal on the ground that Hanton has not complied with the court's order. The motion [**doc. #34**] is **GRANTED** and all claims against Centric and Access are **DISMISSED**.

Because Hanton failed to file an amended complaint, the case will proceed on the original complaint. The court hereby enters the following scheduling order:

1. Any motion to dismiss shall be filed within **30** days from the date of this order.

2. All discovery shall be completed within **90** days from the date of this order.

  3. Any motion for summary judgment shall be filed within **120** days from the date of this order, with the memorandum in opposition filed within **21** days after the motion for summary judgment is filed.

Hanton also has filed a motion to compel defendant Lantz to respond to his interrogatories **[doc. #33]**.  Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court.  See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").  In addition, Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  Copies of the discovery requests must be included as exhibits.

Although Hanton states that he wrote to defendant Lantz seeking a response, he does not attach copies of the letters or indicate whether he sent copies to counsel of record.  Without more information, the court cannot determine whether Hanton made a good faith effort to resolve this dispute.  In addition, plaintiff has not submitted the required memorandum indicating the

relevance of each disputed item as required by Local Rule 37(a)3.  Accordingly, Hanton's motion to compel [**doc. #33**] is **DENIED** without prejudice.

    **SO ORDERED** this   8th   day of March, 2006, at Hartford, Connecticut.


                                         /s/ CFD
                                         CHRISTOPHER F. DRONEY
                                         UNITED STATES DISTRICT JUDGE